UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BEN BUTLER                                                    CIVIL ACTION

VERSUS

EXXON MOBIL REFINING                                          NO. 07-386-C-M2
AND SUPPLY COMPANY

## RULING & ORDER

This matter is before the Court on the Motion to Compel and Rule 37 Certification (R. Doc. 33) filed by defendant, Exxon Mobil Refining and Supply Company ("ExxonMobil"). Plaintiff, Ben Butler ("Butler"), has filed an opposition (R. Doc. 36) to this motion. Both parties have also filed reply memorandum (R. Docs. 43-2 and 46-3).

## FACTUAL & PROCEDURAL BACKGROUND

On or about May 2, 2007, Butler filed this suit against his former employer, ExxonMobil, alleging employment discrimination, harassment, and retaliation based upon race, disability,[1] and age in violation of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, and state law.  Butler was employed by ExxonMobil from 1976 until 2006.

Through ExxonMobil's First Request for Production of Documents and Things

---

[1] Butler's alleged disability is that, in approximately 1997, he developed "severe and extreme allergies" to various chemicals in his work area and was diagnosed with Sjrogrens syndrome.  He contends that he was denied reasonable accommodation by ExxonMobil, including an alleged request for a transfer to a work area within the restrictions set forth by his treating physician and the ExxonMobil physician.

1

directed to Butler on November 28, 2007, it requested copies of all of Butler's tax returns, W-2 forms and 1099s, for the years 2004 to the date the discovery was propounded and through the date of trial. *See*, Exhibit A to ExxonMobil's motion. On February 6, 2008, Butler propounded the following response to ExxonMobil's request for his tax return information: "Plaintiff is in the process of obtaining and will supplement upon receipt." *See*, Exhibit B to ExxonMobil's motion. On February 11, 2008, Butler provided the following supplemental response: "See attached tax returns for 2006." However, the tax return documents Butler produced for the year 2006 were incomplete and/or unsigned, and he also failed to produce any tax information for the other years requested by ExxonMobil.[2]

Following Butler's deposition, ExxonMobil issued a request, on April 8, 2008, that Butler provide all available tax return information (including W-2s, 1099s, and other filing information) for the years constituting the entire period of his employment at ExxonMobil, 1976 to 2007, by means of executed IRS authorization forms (Forms 4506 and 4506-T).[3] ExxonMobil contends that such information is discoverable because Butler testified during his deposition that his casino visits began some "10, 12 years ago;" because Butler contends that numerous allegedly unlawful acts took place during his earliest days of

---

[2] Although Butler produced some tax information for the year 2006, the Form 1040 that he produced was unsigned; several of the schedules he produced referred to "Other Income" and statements, for which no records were produced; and no W-2s were produced.

[3] Form 4506 is used to obtain copies of actual, signed tax returns and attachments filed by a taxpayer. Form 4506-T is used to obtain tax transcripts (which provide most of the line entries from tax returns as well as information that third parties (such as mortgage companies) usually require or other return information, such as 1099 forms that are not filed by the taxpayer as an attachment to his/her tax return. *See,* www.irs.gov.

employment and that he was denied reasonable accommodation for 18 years; and because Butler alleges that he was unable to purchase a home because of ExxonMobil's alleged unlawful conduct. ExxonMobil asserts that Butler's tax returns, which will reveal other income (including the income of his spouse and any gambling earnings and losses), are clearly relevant and discoverable so that it can challenge Butler's contentions.

On July 2, 2008, Butler submitted to ExxonMobil signed IRS authorization 4506-T forms for the years between 1998 and 2007, excluding the year 2006. Butler did not produce signed IRS authorization 4506 forms for any of the years requested by ExxonMobil, despite the fact that those forms were sent to him for execution. Because Butler's July 2, 2008 response was incomplete, ExxonMobil filed the present motion to compel. Initially, through its motion, ExxonMobil sought an order compelling Butler to provide it with the signed IRS authorization Forms 4506 and 4506-T necessary for ExxonMobil to obtain his complete and unredacted tax returns (whether individual or joint) and all related information (including all W-2s and 1099s) for all years from 1976 to 2007.

Butler filed an opposition to ExxonMobil's motion, wherein he argues that the motion is moot as to his tax returns for the years 1997 through 2007. Specifically, he explains that he already produced his 2006 tax return, including Form 1040 and Schedule A, B, and D, to ExxonMobil as well as executed IRS authorization forms (Form 4506-T), which allows the IRS to release his IRS transcripts (but not his signed returns), for the years 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2007. Relative to ExxonMobil's request for executed IRS authorization forms for the years 1976 through 1996, Butler contends that ExxonMobil is not entitled to that tax information because it is confidential and ExxonMobil has failed to show a "compelling need" for such information and because the request is

"overly broad" and seeks information which is irrelevant to this suit.

In its reply memorandum, ExxonMobil indicates that, while its motion to compel has been pending, it sent Butler's signed 4506-T forms to the IRS and received a response from the IRS, which provides "inadequate relief for its defense needs." Specifically, on August 12, 2008, the IRS provided ExxonMobil with: (1) unsigned transcripts of Butler's tax returns for the years 2004, 2005, and 2007, and (2) transcripts for W-2, 1099, and 1098 information for the years 1999 to 2005 and 2007 only. The IRS further indicated that the only tax returns available for Butler are for "the current year and three years prior" (*i.e.*, tax returns for 2004-2007). Additionally, no W-2s, 1099s, 1098s, or other account information is available prior to 1999. In light of the new information received from the IRS, ExxonMobil modified the relief requested through its motion to compel. It now seeks an Order compelling Butler to execute and provide: (1) IRS 4506 forms for release of copies of Butler's complete tax returns for the years 2004, 2005, 2006, and 2007; and (b) an IRS 4506-T form authorizing release of complete transcript information for 2006.

## **LAW & ANALYSIS**

A number of courts, including the Fifth Circuit Court of Appeals, have held that, because tax returns are "highly sensitive documents," their discovery requires that the requesting party demonstrate both: (1) that the requested tax information is "relevant" to the subject matter of the action; and (2) that there is a "compelling need" for the information because the information contained in the tax returns is not "otherwise readily obtainable" through alternative forms of discovery, such as depositions or sworn interrogatory answers.

*National Gas Pipeline Co. of* America, 2 F.3d 1397, 1411 (5th Cir. 1993);[4] *Asset Funding Group, LLC v. Adams & Reese, LLP*, 2008 U.S. Dist. LEXIS 30348, at *28 (E.D.La. 2008); *Trudeau v. New York State Consumer Prot. Bd.*, 237 F.R.D. 325 (N.D.N.Y. 2006)(citing cases).  It has also been recognized by numerous courts that tax return information is relevant where a plaintiff has placed the subject of his income/earning capacity at issue in litigation.  *See, Green v. Seattle Art Museum*, 2008 WL 624961 (W.D.Wash. 2008).[5]

---

[4] The Fifth Circuit, in *Natural Gas Pipeline*, explained that such two-part burden is imposed because courts are reluctant to order routine disclosure of tax returns as part of discovery since taxpayer's privacy concerns are at stake and unanticipated disclosure of returns threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system.  *Natural Gas Pipeline*, at 1411.

[5] *See also, Carmody v. Village of Rockville Centre*, 2007 WL 2042807 (E.D. N.Y. 2007)(Federal income tax returns for the years 2003 to 2007 were "clearly relevant" to the issue of lost wages and damages in employment discrimination action); *Ellis v. City of New York*, 243 F.R.D. 109 (S.D.N.Y. 2007)(Tax returns would be relevant if plaintiff was claiming lost wages or other losses related to his income); *Barney v. Consolidated Edison Company of New York*, 2006 WL 4401019 (E.D.N.Y. 2007)(Tax returns were relevant in plaintiff's discrimination suit because plaintiff was collecting disability benefits during the period for which she was seeking to recover lost wages; court therefore held that income tax returns, which should reflect any income earned or disability benefits received after termination, were highly relevant to the plaintiff's claims for damages.  Court also found that certain tax "transcripts" that the plaintiff produced, which included some tax information but not all details, were insufficient.  Additionally, documents that were not signed by the plaintiff were considered less useful than tax returns would be as substantive evidence and for purposes of impeachment); *Bennett v. Emerson Tool Co.*, 2001 WL 1155301 (D.Kan. 2001)(Tax returns for the years 1996 through 2000 were considered relevant and discoverable relative to a plaintiff's lost wage claims in an employment discrimination action); *Comprehensive Habilitation Services v. Commerce Funding Corp.*, 240 F.R.D. 78 (S.D.N.Y. 2006); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535 (D.Kan. 2006)(Tax returns were relevant to the issue of damages in employment discrimination case, where plaintiff claimed economic losses and sought back and front pay, thereby placing his income at issue.  Plaintiff failed to provide sufficient evidence to establish that the information found in the returns was readily available from other sources, and plaintiff was ordered to produce tax returns and prohibited from redacting any information evidencing his income, from any source, active or passive, before and after his separation of employment); *Smith v. CSX*

Furthermore, a request to have the plaintiff execute an authorization for release of tax records is an acceptable and compellable means of obtaining a party's tax return information.[6]  Butler has placed his income/earning capacity at issue in this case by alleging, in Paragraph 15 of his petition, that he is entitled to "past and future lost wages and benefits" and damages for "loss of earning capacity."  *See*, R. Doc. 1-2.  The income information contained in his tax documents is also relevant to this suit because Butler testified under oath during his deposition that he has engaged in gambling activity during the previous twelve (12) year period.  Butler indicated, during his deposition, that he received "some sort of paperwork" from the casinos reflecting his casino earnings and losses; however, he has failed to submit that information to ExxonMobil.  The Court agrees with ExxonMobil that it is entitled to that information because it is not only relevant to the issue of Butler's income in recent years but is also relevant to Butler's claimed disability, his alleged allergy condition, since Butler specifically admitted, during his deposition, that he had allergy symptoms or flare-ups as a result of going to the casinos.  Butler's tax documents for the past several years will reflect the extent of his casino activity.  *See*, Butler's deposition, attached to ExxonMobil's motion, p. 270.

Moreover, the Court finds that, based upon Butler's own deposition testimony,

---

*Transp., Inc.*, 1994 WL 762208 (E.D.N.C. 1994); *Schneck v. International Business Machines Corp.*, 1993 WL 765638 (D.N.J. 1993).

[6] *See, Thai v. Miller Truck Lines, Inc.*, 2006 WL 2349605 (W.D. La. 2006)(Plaintiff was compelled to produce executed tax authorizations to the defendant because the information covered by the authorizations was directly relevant to the plaintiff's claims for damages, including his claims for loss of earning capacity and lost future wages, and the court perceived no undue burden on the plaintiff in executing the authorizations. The court held that the plaintiff could limit the authorization to the previous ten years).

wherein he indicated uncertainty about his income and the contents of his tax returns for the years 2003-2006,[7] and considering Butler's failure to produce complete tax information in response to ExxonMobil's written discovery requests, it appears that accurate information concerning Butler's income is not "readily obtainable" from other sources and that copies of his actual, signed tax returns (and related documents and attachments) from the IRS, for at least a limited time period, are the best source of complete and competent information as to his income.  *See,* Butler's deposition, p. 265, 267, 270; *Smith v. CSX Trans., Inc.*, 1994 WL 762208 (E.D.N.C.), quoting *Eastern Auto Distributors, Inc. v. Peugeot Motors of American, Inc.*, 96 F.R.D. 147, 149 (E.D.Va. 1982)("Where the income of a party to the litigation is in issue, income tax returns provide what . . . may be the best source of complete and competent information as to the party's income").  Thus, ExxonMobil has a compelling need to receive such information from the IRS.  Although ExxonMobil's initial request for tax returns for the entire thirty (30) year period during which Butler was employed at ExxonMobil was overbroad, the Court finds that ExxonMobil is entitled to executed IRS 4506 and 4506-T forms relative to those years for which the IRS has documents in its possession, *i.e.*, 2004-2007, as requested in ExxonMobil's reply memorandum.

Accordingly;

**IT IS ORDERED** that the Motion to Compel and Rule 37 Certification (R. Doc. 33) filed by defendant, Exxon Mobil Refining and Supply Company, as modified by its reply memorandum (R. Doc. 43-2), is hereby **GRANTED**.

---

[7] *See*, Butler's deposition, attached to ExxonMobil's motion, pp. 265, 267, 270.

**IT IS FURTHER ORDERED** that plaintiff, Ben Butler, shall produce to Exxon Mobil (1) executed IRS Form 4506 authorizations for the years 2004, 2005, 2006, and 2007; and (2) an executed IRS Form 4506-T authorization for the year 2006.

Signed in chambers in Baton Rouge, Louisiana, August 28, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**