UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BEN BUTLER                                    CIVIL ACTION

VERSUS

EXXON MOBIL REFINING AND
SUPPLY COMPANY                         NO. 07-386-RET-CN

## RULING ON MOTION IN LIMINE TO EXCLUDE DEFENDANT'S WITNESS

This matter is before the Court on a Corrected Motion in Limine to Exclude Defendant's Witness (Doc. No. 57) filed by plaintiff, Ben Butler ("Butler"). Defendant, Exxon Mobil Refining and Supply Company, has filed opposition to plaintiff's Corrected Motion in Limine (Doc No. 54). This litigation arises from a race, disability, and age discrimination lawsuit filed by the plaintiff.

Through the Motion in Limine to Exclude Defendant's Witness, plaintiff requests that the Court prohibit Mark Hermann ("Hermann"), a Section Supervisor of defendant's Polymers maintenance work group, from testifying at trial. Plaintiff contends that the witness was not disclosed to him until four days prior to the fact discovery deadline and that defendant thereafter failed to timely supplement a response containing the witness' address, telephone number, job title, and the nature of his anticipated testimony as required by Rule 26(e) of the Federal Rules of Civil Procedure.

In support of his assertion that this witness should be excluded because of

defendant's failure to identify the witnesses, plaintiff submitted as evidence copies of the interrogatories sent to defendant as well as defendant's responses to those interrogatories. Plaintiff's Interrogatories and Request for Production of Documents to Defendant reflect that plaintiff requested the identity of each person defendant may call as a witness at the trial of this matter.[1] The deadline for fact discovery was set for August 18, 2008.[2] Defendant responded to plaintiff's interrogatories on August, 13, 2008, including only Hermann's name.[3] On August 15, 2008, plaintiff requested that defendant identify Hermann's address, telephone number, job title, and the nature of his anticipated testimony.[4] Defendant complied with plaintiff's August 15 request by letter dated August 18, 2008.[5] Plaintiff contends that defendant's August 18th correspondence is an untimely and incomplete disclosure in violation of Rule 26(e) of the Federal Rules of Civil Procedure.

Pursuant to Rule 26(a)(A)(1) of the Federal Rules of Civil Procedure, a party is required to provide to the other parties:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

---

[1] See Record Document No. 57-1, p. 11, Exhibit B.

[2] See Id., p. 10, Exhibit A.

[3] See Id., p. 19, Exhibit C.

[4] See Id., p. 22, Exhibit D.

[5] See Id., p. 25, Exhibit E.

Rule 26(e) further provides:

> (1) A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

In addition, under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party that fails to disclose information required by Rule 26(a) or 26(e) is precluded from using as evidence any witnesses or information not so disclosed, unless such failure to disclose was substantially justified or is harmless. The trial court is afforded much discretion in deciding whether to admit or deny testimony.[6]

Rule 26(e) requires a party to *supplement or correct* a disclosure or response in a timely manner or, as ordered by the court.[7] After initially disclosing Hermann as a witness on August 13, 2008, defendant was asked to supplement its disclosure by letter dated Friday, August 15, 2008. Defendant supplemented its disclosure on Monday, August 18, 2008, within one business day of Butler's August 15 request. Moreover, defendant's letter was sent prior to August 18, 2008, the discovery deadline set by this Court. Under these facts and pursuant to Rule 26(e), defendant's supplemental response was clearly made "in a timely manner" and pursuant to the

---

[6] **Branch-Hines v. Hebert,** 939 F.2d 1311, 1319 (5th Cir. 1991).

[7] F.R. Civ. P. 26(e)(1).

Court's order. Thus, plaintiff's contention that defendant violated Rule 26(e) lacks merit.

However, defendants have asked for an extension of the discovery period to allow plaintiffs to depose this witness.[8] This Court prefers that cases, to the extent possible, be resolved on the merits of the parties' claims and defenses after a full opportunity to engage in the discovery authorized by the Federal Rules of Civil Procedure. Thus, defendant's request to reopen fact discovery for the sole purpose of allowing plaintiff to depose Hermann is granted.

Accordingly,

IT IS ORDERED that the Motion in Limine to Exclude Defendant's Witness filed by plaintiff, Ben Butler, is DENIED.

IT IS FURTHER ORDERED that plaintiff's request to reopen fact discovery for the sole purpose of allowing plaintiff to depose Hermann is GRANTED. Should they so desire, plaintiffs will have 30 days from the date of the signing of this order to depose Mark Hermann.

Baton Rouge, Louisiana, this 25th day of January, 2011.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[8] Record Document No. 57-1, p. 8.